# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC CHATMAN, | ) |
| Plaintiff, | ) Case No. 2:18-cv-01312-JAD-CWH |
| vs. | ) **SCREENING ORDER AND** |
| MIRAGE HOTEL & CASINO RESORT, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Pro se plaintiff Eric Chatman is a California state-prison inmate. Chatman submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 5). Chatman has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Chatman's request to proceed *in forma pauperis* will be granted.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Chatman alleges that sometime between 2004 and 2006, an unnamed man robbed and attempted to kill him with a "Rambo knife." (Compl. (ECF No. 1-1) at 5.) Chatman now brings unspecified claims for his injuries under 42 U.S.C. § 1983 against defendants Mirage Hotel and Casino, Chivas Regal Corporation, Circus Circus Hotel and Casino, and Budweiser Company. (*Id.* at 2.) Chatman alleges he was a very handsome man and had to have a facelift and reconstructive surgery as a result of the attack. (*Id.* at 4.) He further mentions he was assaulted on the side of the Stratosphere between 2005 and 2010. (*Id.* at 1, 6.) Chatman requests monetary damages in the millions. (*Id.* at 9.)

Given that 42 U.S.C. § 1983 does not contain a specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose.") The Nevada limitations period applicable in this case is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing Nev. Rev. Stat. 11.190(4)).

Chatman's complaint was filed on July 17, 2018. Applying Nevada's two-year limitations period, any acts that occurred more than two years before that date are time-barred. Given that these incidents described in this complaint occurred in approximately 2004 to 2006 and 2005 to 2010, which is outside of the two-year limitations period, the court will recommend dismissal with

prejudice of Chatman's claims.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is GRANTED.

IT IS RECOMMENDED that plaintiff's complaint (ECF No. 1-1) be DISMISSED WITH PREJUDICE as time-barred.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 11, 2019

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**